### LA CAGNINA et al. v. AHEARN.

(Supreme Court, Appellate Term. May 15, 1908.)

1. PRINCIPAL AND AGENT—AUTHORITY OF AGENT—QUESTIONS FOR JURY.

In an action for services and material as alleged extras under a building contract, whether one who received the agreed contract price had authority as plaintiff's agent to execute a general release of all claims against defendant *held* for the jury.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 40, Principal and Agent, § 724.]

2. CONTRACTS—BUILDING CONTRACTS—MATTERS INCLUDED—QUESTIONS FOR JURY.

Whether alleged extras were a part of the services and material covered by a building contract *held* for the jury.

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Orazio La Cagnina and another against James Ahearn. From a judgment dismissing the complaint, plaintiffs appeal. Reversed and new trial ordered.

Argued before GILDERSLEEVE, P, J., and GIEGERICH and GREENBAUM, JJ.

Abraham S. Weltfisch, for appellants.
Earley, Weaver & Earley, for respondent.

PER CURIAM  This action was brought to recover the sum of $130.25 for work, labor, and services and materials furnished, and was tried before the court with a jury. At the trial the plaintiffs' complaint was amended by reducing the claim to $110, which plaintiffs claim they were entitled to receive from the defendant as follows:

(1) For cementing work on rough brick.............................. $ 50 00
(2) Enameling walls in 40 bathrooms, instead of painting, at $1 per
    room  ........................................................    40 00
(3) Painting of galvanized cornice on Edgecomb Ave...............    20 00
                                                                  --------
    Total  .....................................................   $110 00

It appeared upon the trial that Orazio La Cagnina and Andea Ognibene were copartners, doing business under the name of O. La Cagnina & Co., and, as such, entered into a contract in writing with the defendant, dated February 17, 1906, wherein and whereby the plaintiffs

agreed to do certain work, labor, and services for the defendant, and the defendant agreed to pay plaintiffs the sum of $1,550 therefor. The contention of the plaintiffs is that the three items of work, hereinbefore enumerated, were extra work, and were not included in the aforesaid contract. The complaint was dismissed, and judgment rendered for defendant. Plaintiffs appeal.

It was admitted on the trial that the said sum of $1,550, the amount named in the original contract, was paid to the appellants by the respondent, and that the respondent received a general release of all claims against the said respondent, executed by one Di Luca claiming to act as agent of the appellents. Plaintiffs deny the authority of said Di Luca. It seems to us that the question of Di Luca's authority, as well as the one based upon the plaintiffs' claim that the items above mentioned were extra work not included in the original contract, should have been submitted to the jury.

Judgment reversed, and new trial ordered, with costs to appellants to abide the event.